# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD MOTLEY                                    )
                          Plaintiff,             )          2:08-CV-01423-RLH (VPC)
                                                 )
            vs.                                  )          **REPORT AND RECOMMENDATION**
                                                 )          **OF U.S. MAGISTRATE JUDGE**
J. SMITH, *et al.*,                              )
                                                 )
                          Defendants.            )          July 29, 2009
_____          )

        This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Edward Motley ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on June 20, 2008, seeking relief pursuant to 42 U.S.C. § 1983 (#1). Plaintiff names as defendants J. Smith, D. Peddicord, Beasley, R. Kemp, H. Wagner, T. Felker, R.K. Wong, S. Babich, E. Rausch, M. Wright, M. Townsend, N. Grannis, D. McGuire, J. Barron, MTA Callison, R. Craddock, Lt. Stafford, M. Dangler, Officer Holmes, Warden D.L. Runnels, D. Jackson, D. Chapman, D. Rhodes, D. Zanchi, M. Carasco, Officer Robinson, K. Sigston, and Joe McGrath, all employed by the California Department of Corrections and Rehabilitation. *Id.*,

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (#5). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial filing fee of $7.03 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded to the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

1   $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

2       The court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The

4   court must dismiss the complaint if the claims contained in it, even when read broadly, are legally

5   frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money

6   damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A

7   claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v.*

8   *Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where

9   it is based on an indisputably meritless legal theory or where the factual contentions are clearly

10  baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

12  Cir. 1989).

13      A complaint must contain more than a "formulaic recitation of the elements of a cause of

14  action;" it must contain factual allegations sufficient to "raise a right to relief above the

15  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

16  "The pleading must contain something more...than...a statement of facts that merely creates a

17  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this

18  standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

19  *Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

20  favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

21  U.S. 411, 421 (1969).

22      To sustain an action under section 1983, a plaintiff must show (1) that the conduct

23  complained of was committed by a person acting under color of state law; and (2) that the conduct

24  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d

25  676, 689 (9th Cir. 2006).

26      Plaintiff claims that defendants violated his Fourteenth Amendment right to Due Process,

27  his First Amendment right against retaliation, to appeal a disciplinary decision, and to send and

28

receive mail, and his Eighth Amendment right against cruel and unusual punishment, (#1, p. 3).

### A.    Fourteenth Amendment Due Process

Plaintiff alleges that defendant Smith violated his Fourteenth Amendment right to due process by "1) falsifying a rule violation report; 2) attempting to decide for plaintiff if he wanted and investigative employee; [and] 3) refusing plaintiff his right to participate in the hearing." (#1, Attachment - "Explanation for Defendants Named", No. 1). Plaintiff states that his claims against the remaining defendants arise because of events that occurred after defendant Smith falsified the violation report against plaintiff and refused to transport plaintiff to his hearing (#1, p. 5). Plaintiff also claims that numerous other defendants either prevented him from attending his disciplinary hearing or held the hearing despite plaintiff's absence. Moreover, plaintiff contends that defendants Wright, Chapman, and McGrath placed him in the Behavioral Management Unit, based on the two RVRs (#1, Attachment, Nos. 10, 22, 28). Plaintiff has stated a cognizable due process claim. Plaintiff has a due process right to be present at disciplinary hearings. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) Therefore, plaintiff's allegations related to defendants' acts of filing a false rule violation report, refusing to escort plaintiff to his Rules Violation Report ("RVR") hearings, holding the RVR hearings despite plaintiff's absence, and subsequently placing plaintiff in the Behavioral Management Unit, are sufficient to overcome screening. This includes plaintiff's Fourteenth Amendment claims against defendants Smith, Peddicord, Beasley, Kemp, Wright, Chapman, and McGrath.

Plaintiff also asserts that defendant Felker violated his Fourteenth Amendment rights by "accusing plaintiff of being involved in an organized demonstration, thusly (sic) justifying the division "D" offense" (#1, Attachment, No. 6). Although plaintiff has a Fourteenth Amendment right to procedural due process after he is accused of a violation, he does not have a Constitutional right against being charged with a violation of prison rules and regulations. Plaintiff does not assert that he was not afforded due process. Therefore, plaintiff's Fourteenth Amendment claim against defendant Felker is dismissed.

**B.    First Amendment**

**1.    Retaliation**

Plaintiff alleges that multiple defendants violated his First Amendment rights by retaliating against him for filing complaints against defendant Smith and other prison employees (#1, attachment). Specifically, defendant Smith "attempted to exact discipline despite the absence of a finding and the lack of authority to do so in retaliation of plaintiff's use of the appeals process." *Id*. at No. 1. Defendant Wright assessed plaintiff an additional 90 days in the Behavioral Management Unit ("BMU") in retaliation for plaintiff's use of the grievance and appeal system. *Id*. at No. 10. Defendant McGuire falsified a rule violation report in retaliation to the complaint plaintiff made against him following an assault. *Id*. at No. 13.

Prisoners have a right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Prison officials may be sued under Section 1983 for retaliating against a prisoner for exercising his or her constitutional rights. *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995). Plaintiff claims that defendants disciplined him and placed him in the Behavioral Management Unit in retaliation for plaintiff's filing of complaints against them. As the court must accept plaintiff's allegations as true, plaintiff may proceed on these retaliation claims.

**2.    Access to the Courts**

Plaintiff also contends that defendants violated plaintiff's First Amendment right to access to the courts because defendant Peddicord confiscated plaintiff's legal materials and defendant Wagner intercepted his legal mail. *Id*. Plaintiff has a First Amendment right to his legal materials and to his legal mail, which is subject to some restrictions based on security concerns. Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curium). With regard to legal mail, the Supreme Court has upheld a procedure whereby prisons can open mail from privileged correspondents only in the presence of inmates to check for contraband. *Wolff*, 418 U.S. at 576-77. The court must take all of plaintiff's allegations as true. Plaintiff has set forth sufficient allegations to state First Amendment

claims to access to the courts and to legal mail, and may proceed on these claims against defendants Peddicord and Wagner.

### 3.    "First Amendment Right to File Appeals"

Further, plaintiff claims that numerous defendants violated his "First Amendment right to file appeals." *Id*. Specifically, defendant Wagner "screen[ed] out an appeal (naming him) as a duplicate," "[did] not send[] the appeal to the Chief Deputy Warden for disposition as a staff complaint," "fail[ed] to interview plaintiff's appeal on the work of Officer E. Rausch, resulting in the appeal being cancelled" (#1, Attachment, at No. 5). Defendant Felker "wrongfully reject[ed] several staff complaints," "arbitrarily appl[ied] Administrative Bulletin 98/10," and "cancell[ed] plaintiff's appeal. *Id*. at No. 6). Defendant Babich "deliberately misstat[ed] the rules and facts surrounding plaintiff's asserted allegations" *Id*. at No. 8. Defendant Rausch "mislead[] plaintiff about appeal interview," "[took] plaintiff's personal property," "[made] dangerous remarks regarding plaintiff's prison commitment," "fabricat[ed] an RVR," "den[ied] plaintiff's canteen," "refus[ed] to allow plaintiff to forward legal mail," "possibly intercept[ed] an appeal naming him address to the inmate appeals branch," "issu[ed] plaintiff the wrong canteen," "confiscat[ed] plaintiff's 'high risk' medication,"and "[took] copies of appeal from plaintiff's cell." *Id*. at No. 9. Defendant Wright "participat[ed] in the appeal of a classification decision." *Id*. at No. 10. Defendant Townsend "answer[ed] an appeal at the informal level, which should have been bypassed [and] participat[ed] in the appeal of a decision he participated in." *Id*. at No. 11. Defendant Grannis "incorrectly deem[ed] an administrative appeal to be untimely." *Id*. at No. 12. Defendant Stafford "fail[ed] to insure that an appeal went out through the institution's legal mail." *Id*. at No. 17. Defendant Dangler "arbitrarily screen[ed] out a group appeal authored" by plaintiff.  *Id*. at No. 18. Defendant Runnels "fail[ed] to insure that plaintiff be afforded his right to file appeals." *Id*. at No. 20. Defendant Jackson "refus[ed] to process an appeal regarding the actions of defendant Holmes" *Id*. at No. 21. Finally, defendants Rhodes and Sigston "participat[ed] in an appeal where [they] lacked the authority to do so."  *Id*. at Nos. 23 and 27.

Plaintiff does not have a First Amendment right to appeal a disciplinary decision. The

Fourteenth Amendment guarantees prisoners some due process rights in conjunction with disciplinary hearings. The Fourteenth Amendment affords plaintiff the right to receive advance written notice of the charge, an opportunity to present evidence and call witnesses, and a written statement of the findings. *Wolff*, 418 U.S. at 563-67. However, the Fourteenth Amendment does not grant plaintiff a right to appeal a disciplinary decision. As such, plaintiff's allegations regarding a denial of appeal are dismissed. Plaintiff also does not have a First Amendment right against destruction of property or to canteen items. *See infra*. Therefore, plaintiff's claims regarding property and canteen orders are dismissed. Considering all of plaintiff's First Amendment allegations, plaintiff has only stated a claim in one instance. Specifically, plaintiff has a First Amendment right to legal correspondence. Therefore, plaintiff may proceed on his claim that defendant Rausch "refus[ed] to allow plaintiff to forward legal mail" (#1, Attachment, No. 9). All remaining First Amendment claims listed above are dismissed. This includes all First Amendment claims against defendants Wagner, Felker, Babich, Wright, Townsend, Grannis, Stafford, Dangler, Runnels, Jackson, Rhodes, and Sigston, and all remaining claims against defendant Rausch.

### 4.    Destruction of Property

Plaintiff alleges that defendant Robinson violated his First Amendment rights by "wrongfully destroying plaintiff's property." *Id*. at No. 26. Plaintiff also claims that defendant Holmes retaliated against him by refusing to transport all of his property, "causing plaintiff's family member to purchase another television." *Id*. at No. 19. However, it is unclear what act plaintiff took that caused defendant Holme's conduct to be an act of retaliation or how defendant's loss of a television prevented him from exercising his First Amendment rights. The First Amendment does not provide a right against destruction of property. Further, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if an meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, plaintiff's claims against defendants Robinson and Holmes are

1   dismissed.

2   **5.      Personal Participation**

3       Plaintiff also claims that defendants Zanchi and Carasco violated his First Amendment

4   rights by "condoning the actions" of defendant Rhodes (#1, Attachment, Nos. 24-25). "A

5   supervisor cannot be held personally liable under § 1983 for the constitutional deprivations

6   caused by his subordinates, absent his participation or direction in the deprivation." *Ybarra v.*

7   *Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984).  Plaintiff has not

8   alleged that defendants Zanchi and Carasco were personally involved in any violation of his

9   constitutional rights. Therefore, plaintiff's claims against defendants Zanchi and Carasco are

10  dismissed.

11  **C.      Eighth Amendment**

12      Plaintiff claims that defendant Wong violated his Eighth Amendment right against cruel

13  and unusual punishment by "intentionally fabricating the adjudication date of an RVR to justify

14  plaintiff serving the duration of a six month SHU in a non-SHU facility, wherein plaintiff wasn't

15  afforded SHU privileges despite availability" (#1, Attachment, No. 7).   Prisoners have no

16  constitutional right to choose their location of incarceration.  *Meachum v. Fano*, 427 U.S. 215,

17  224 (1976).  Further, "given a valid conviction, the criminal defendant has been constitutionally

18  deprived of his liberty to the extent that the State may confine him and subject him to the rules

19  of its prison system so long as the conditions of confinement do not otherwise violate the

20  Constitution." *Id*.  Defendants did not violate plaintiff's Eighth Amendment rights by deciding

21  not to afford him privileges that were available in a Special Housing Unit. Therefore, plaintiff's

22  claim against defendant Wong is dismissed.

23      Plaintiff also alleges that defendant McGuire violated his Eighth Amendment rights by

24  "assaulting plaintiff with malicious intent" (#1, Attachment, No. 13). Plaintiff claims that while

25  defendant McGuire escorted plaintiff to his cell, he became "excessively forceful." *Id*. p. 16.

26  "[W]henever prison officials stand accused of using excessive physical force in violation of the

27  [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith

28

1    effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*

2    *v. McMillan*, 503 U.S. 1, 6-7 (1992). Plaintiff has alleged that defendant McGuire maliciously

3    assaulted plaintiff. Therefore, plaintiff has stated sufficient allegations to proceed with his claim

4    of excessive force against defendant McGuire.   Additionally, plaintiff claims that defendant

5    Barron acted "in concert with defendant McGuire" (#1, Attachment, at No. 14).   However,

6    plaintiff does not allege that defendant Barron also assaulted him or used excessive force during

7    plaintiff's transport. As previously noted, a defendant cannot be held liable under section 1983

8    unless he personally participated in the deprivation of plaintiff's Eighth Amendment rights.

9    Plaintiff has not alleged that defendant Barron used excessive force or otherwise inflicted cruel

10   and unusual punishment upon plaintiff. Therefore, plaintiff's claim against defendant Barron is

11   dismissed.

12       Plaintiff contends that defendants Callison and Craddock violated his Eighth Amendment

13   right by failing to treat plaintiff despite his "plea for medical attention" (#1, attachment, at Nos.

14   15 and 16).   A prison official violates the Eighth Amendment when he acts with "'deliberate

15   indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S.

16   825, 828 (1994). Plaintiff claims that after defendant McGuire physically assaulted him,

17   defendants Callison and Craddock intentionally withheld medical treatment. Such allegations are

18   sufficient to proceed on the claim of deliberate indifference against defendants Callison and

19   Craddock.

20       The parties are advised:

21       1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of

22   Practice, the parties may file specific written objections to this report and recommendation within

23   ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report

24   and Recommendation" and should be accompanied by points and authorities for consideration by

25   the District Court.

26       2.    This report and recommendation is not an appealable order and any notice of appeal

27   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

28

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's June 20, 2008 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.03 All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

**IT IS ALSO RECOMMENDED** that plaintiff's complaint (#1) be **DISMISSED** without prejudice as to the following defendants and claims:

1. Plaintiff's Fourteenth Amendment claim against defendant Felker;

2. Plaintiff's "First Amendment right to file appeals" claims against defendants Wagner, Felker, Babich, Wright, Townsend, Grannis, Stafford, Dangler, Runnels, Jackson, Rhodes, and Sigston;

3. Plaintiff's destruction of property claims against defendants Robinson and Holmes;

4. Plaintiff's Fourteenth Amendment claims against defendants Zanchi and Carasco;

5. Plaintiff's Eighth Amendment claims against defendants Wong and Barron.

///
///
///
///
///
///
///
///
///
///
///

- 9 -

**IT IS ALSO RECOMMENDED** that plaintiff's complaint (#1) proceed as to the following defendants and claims:

1. Plaintiff's Fourteenth Amendment claims against defendants Smith, Peddicord, Beasley, Kemp, Wright, Chapman, and McGrath;

2. Plaintiff's First Amendment retaliation claims against defendants Smith and McGuire;

3. Plaintiff's First Amendment Access to the Courts claims against defendants Peddicord, Wagner, and Rausch;

4. Plaintiff's Eighth Amendment excessive force claim against defendant McGuire;

5. Plaintiff's Eighth Amendment deliberate indifference claims against defendants Callison and Craddock.

**DATED:** July 29, 2009.

_Valerie P. Cooke_
_____
**UNITED STATES MAGISTRATE JUDGE**

- 10 -